1438.  MASON, by next friend, *v.* HAMBY & TOOMER.

1. By the convict leases made by the prison commission under the act of
   December 21, 1897, and the amendment thereto approved August 17,
   1903, the State did not deliver the physical custody of the convicts into
   the hands of the lessees; only the labor of the convicts was contracted
   for.  The State itself had full control and management of the convicts,
   and appointed all the wardens, guards, etc., who had charge of the men
   employed in the work of the lessees.  Subleases on similar terms were
   permitted, when approved by the prison commission.
2. Lessees of convicts, under the acts mentioned above, were not, by virtue
   of their mere relation as such, liable to a convict for injuries inflicted
   upon him by the wrongful act of a guard or "boss," or by the negli-
   gence of a sublessee or of one of his employees.

Action for damages, from city court of Atlanta—Judge Reid.
September 19, 1908.

Argued December 10, 1908.—Decided May 4, 1909.

Mason brought suit against Hamby & Toomer, alleging, that
in 1906 he was a felony convict and was assigned to the defend-
ants, who were lessees from the State of felony convicts; that he
was subleased to the Southern Steel Company, and, on May 24,
1907, was being worked in the plant of that company in Bartow
county; that a "boss," alleged to have been an employee of that
company, negligently and wrongfully ordered him into a danger-
ous position described in the petition, and caused him to be hurt.
The plaintiff seeks to hold the defendants liable on the ground
that they were the original lessees from the State and were re-
sponsible for the wrong and negligence of the sublessees.  The
court below sustained a general demurrer, and the plaintiff ex-
cepted.

*Lawson Lamar, Edgar Latham,* for plaintiff.

*Candlers, Thomson & Hirsch, R. L. D. McAllister,* for defend-
ants.

POWELL, J.  (After stating the facts.)

1.  Not since 1897 has the State of Georgia delivered the physi-
cal custody of any of its felony convicts into the hands of any
private person or corporation.  By the act of December 21, 1897
(Acts 1897, p. 76), and the amendment thereto of August 17, 1903
(Acts 1903, p. 66), the prison commission was authorized to
lease the labor of certain of the convicts to private persons, but
the State itself, through the commission, was to retain the full

control and management of the men so employed. The lessees were to furnish the prescribed buildings, clothing, food, etc., but the prison commission was to appoint all wardens, guards, physicians, and other persons in charge of the men. The prison commission prescribed rules and regulations as to all matters relating to the care of the convicts, and it was the duty of the wardens and other officers to see that these rules were observed. Since the lessees were to furnish suitable buildings, clothing, food, etc., regulations upon these subjects were prescribed, and the lessees gave bond for the fulfilment of their duty in this respect. It was provided that the original lessees might sublet, with the consent of the prison commission; and in this event the wardens, guards, etc., caused the convicts to be worked for the sublessees, instead of the original lessees; but this in no wise varied or discharged the obligation created by the bond taken from the original lessees and fixing the contractual duty on them of seeing that the necessary buildings, clothing, food, etc., were provided, and that the regulations so far as applicable to them were carried out. *Hamby* v. *Georgia Iron Co.*, 127 *Ga.* 792, 797 (56 S. E. 1033). Under the act of 1908, neither the persons nor the labor of convicts are now leased to any one; but this case arose under the old law.

2. By section 4940 of the Civil Code, "An action for a tort must, in general, be brought . . against the party committing the injury, either by himself, his servant or agent in his employment." No act of commission on the part of the defendants, or of any of them, or of any employee of theirs, is alleged in the present action. The negligent situation was created by fault of the Southern Steel Company: the wrongful command that the plaintiff should go into this unsafe place was given by the "boss," who is alleged to have been an employee, not of the defendants, but of the Steel Company. No wrongful act of omission is alleged against the defendants, unless there was resting on them and in favor of the convict an absolute duty of protection. We know of no law creating any such duty; and there is no allegation that it was otherwise created. It was plainly contemplated by the law which allowed these leases and subleases, and which placed the entire management and control of the convicts and the duty of protecting their welfare in the hands of the prison commission,

that the State should have such an interest in protecting the men from undue hardship or danger as to give the prison commission the right to annul a sublease, or even the original lease itself if necessary, to effectuate this purpose, and to hold the bond of the original lessees liable for any breach of the regulations, even though committed while the men were working for a sublessee. *Hamby v. Georgia Iron Co.,* supra. However, the primary duty of protecting the convicts was upon the State itself, and we find nothing in the law which charged the original lessees with liability for torts committed by the wardens, guards, or "bosses," or by the sublessees, or by outsiders upon these unfortunate human beings. It is most manifest that the legislature intended that the lessees should have no control over the persons of the convicts. They had a prima facie right to designate the work to be done, but the State's own officers were there to care for the men in the doing of it. Of course we do not mean to say that the proprietors of mills, mines, or other places into which the convicts might have been sent to work would not be liable to the convicts just as they would to any other human being, and perhaps even in a greater degree than they would be to free persons, for any failure in ordinary care as to the keeping of the instrumentalities, place of work, etc., in reasonably safe condition. But if any one is liable to the plaintiff in this case, it is the "boss" who gave the wrongful command, or the Southern Steel Company, or both, and not the defendants.                                *Judgment affirmed.*